UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PUBLIX SUPER MARKETS, INC.,

    Plaintiff,                                   CASE NO.: 3:24-cv-864

v.

SNYDER'S-LANCE, INC.; HARTFORD FIRE INSURANCE COMPANY; and CONTINENTAL CASUALTY COMPANY

    Defendants.
_____/

# COMPLAINT

Plaintiff, PUBLIX SUPER MARKETS, INC ("**Publix**"), through its undersigned counsel, files suit against SNYDER'S-LANCE, INC., ("**Snyder's-Lance**"), HARTFORD FIRE INSURANCE COMPANY ("**Hartford**"), and CONTINENTAL CASUALTY COMPANY ("**Continental**"), alleging as follows:

## JURISDICTION AND VENUE

1.     Publix is a Florida corporation with its principal place of business in Lakeland, Florida. At all times material hereto, Publix was authorized to and did conduct business in Florida.

2.     Snyder's-Lance is a North Carolina corporation with its principal place of business in Camden, New Jersey. At all times material hereto, Snyder's-Lance was authorized to and did conduct business in Florida.

3.     Hartford is a Connecticut corporation with its principal place of business in Hartford, Connecticut. At all times material hereto, Hartford was authorized and did conduct business in Florida.

1

4. Continental is an Illinois corporation with its principal place of business in Chicago, Illinois. At all times material hereto, Continental was authorized and did conduct business in Florida.

5. This action against Snyder's-Lance, Hartford, and Continental demands damages exceeding seventy-five thousand dollars ($75,000.00), exclusive of interest, costs, and attorneys' fees.

6. This Court has jurisdiction because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

7. Venue is proper in the Jacksonville Division because the underlying incident which triggered Snyder's-Lance's obligations to Publix occurred in Duval County, Florida.

## BACKGROUND

8. Publix operates a chain of grocery stores which sell grocery and dry goods to the public.

9. Snyder's-Lance is a snack food manufacturer and subsidiary of Campbell Soup Company.

10. To sell its products to the public, Snyder's-Lance stocks its products in Publix's grocery stores.

9. In order to have access to Publix's stores and stock the shelves with its products, on November 23, 2005, Snyder's-Lance's predecessor, Snyder's of Hanover, entered into an agreement with Publix titled "Continuing Guaranty and Indemnity Agreement (Products)", attached hereto as **Exhibit "A."** On March 3, 2017, that agreement was renewed in a new contract attached hereto as **Exhibit "B"** (collectively, the "**Agreements**").

2

10. The Agreements require Snyder's-Lance (referred to as "Us" and "We" throughout the Agreements) to indemnify Publix for any claim arising in any way out of the presence of Snyder's-Lance's employees or agents in Publix's stores:

> In consideration of Publix permitting Us or our employees or agents from time to time to enter upon Publix's premises to provide services or products or to place or maintain equipment on Publix's premises, **We agree to indemnify and hold Publix harmless from any claim, suit, liability or loss arising in any manner out of the presence, services or other activities of any of our employees, agents or contractors or out of the performance, use or operation of our products or equipment**, except to the extent such incident, occurrence or damage giving rise to the claim, suit or loss was **caused solely by the negligence of Publix** or Publix's employees, agents or contractors.

Exhibits A and B.

11. The Agreements also require Snyder's-Lance's to defend Publix from any suit arising from Snyder's-Lance's employees' presence on Publix property:

> **We agree to indemnify and hold Publix harmless from, and assume responsibility and expense for any investigation, litigation and/or settlement of any complaint, claim or legal action.** Publix agrees to give prompt written notice of any such complaints, claims or legal actions and to cooperate in the defense of such complaints, claims or legal actions. The obligation to defend Publix stated herein is hereby deemed a separate and distinct obligation, fully severable from any other duty stated herein.
>
> Our duty to indemnify Publix under this Agreement attaches to all Goods supplied to Publix by us and will not terminate with the termination of this Agreement.

Exhibits A and B.

12. The Agreements also require Snyder's-Lance to obtain general liability insurance covering liability due to an injury related to Snyder's-Lance's goods and services, and include Publix as an additional insured on this insurance:

> **We agree to include Publix and its employees as additional insured under our Commercial General Liability policy with respect to liability due to injury or damage arising out of the purchase, rental, use, or sale by Publix of any product or service provided by us**.

Exhibits A and B.

13. On November 20, 2017, Jeremiah Cooks ("**Cooks**") arrived at Publix Store 668 located at 410 Blanding Boulevard, Jacksonville, Florida, 32073. Cooks represented himself to be an employee, actual agent, or apparent agent of Snyder's-Lance working in the capacity of a vendor to stock Snyder's-Lance product on Publix's shelves.

14. When he arrived at Publix store 668, Cooks was wearing a Snyder's-Lance nametag, hat, and shirt to identify himself to Publix employees as an employee or agent of Snyder's Lance. He was also driving a vehicle stocked with Snyder's-Lance products that he picked up from a Snyder's-Lance distributor and carried a computer from Snyder's-Lance. When he signed in to Publix store 668, he identified himself as a Synder's-Lance representative. Publix relied on Cooks' representations that he was an employee or agent of Snyder's-Lance in allowing him access to Publix store 668 to stock shelves with Snyder's-Lance products.

15. Cooks then proceeded to stock Snyder's-Lance product on the sales floor of the Publix store 668. While stocking Snyder's-Lance product on the sales floor of Publix store 668, Cooks contends that he slipped and fell on a visibly wet floor in the back stockroom, sustaining personal injuries.

16. Prior to Cooks' fall, Cooks walked by an associate pushing a mop bucket away from the wet floor area, and also walked past or through the visibly wet floor area on his way to the sales floor. Therefore, Cooks was aware of the presence of the wet floor, or reasonably should have been aware of the presence of the wet floor, and should have taken steps to avoid injury. Cooks did not do so.

17. Snyder's-Lance did not provide any training to Cooks, including training concerning common hazards in grocery stores, avoiding workplace injuries, or proper attire and

4

footwear for working in grocery stores. Therefore, Snyder's-Lance was negligent in failing to properly train Cooks or ensure he was wearing appropriate attire while stocking shelves at Publix store 668.

18. Further, Snyder's-Lance negligently and recklessly assigned delivery routes to distributors who Snyder's-Lance knew were not properly training and supervising employees, and who routinely subcontracted out routes to individuals who were not trained or supervised. In fact, many of these individuals or route subcontracting arrangements were not even known to Snyder's-Lance. Therefore, Snyder's-Lance was negligent in failing to properly supervise its distributors and individuals hired to stock products on Publix's shelves.

19. On March 30, 2020, Cooks filed a premises liability action against Publix, alleging that Publix failed to maintain its store in a reasonably safe condition and that Publix failed to warn Cooks of the presence of a wet floor (the "**Litigation**"). The operative Amended Complaint in the Litigation is attached hereto as **Exhibit "C."**

20. Publix first made Snyder's-Lance aware of the potential for the Litigation as early as November 28, 2017, approximately a week after the incident. Publix subsequently tendered the claim to Snyder's-Lance before and after the Litigation was initiated, including at various times in 2020 and 2024, and demanded defense and indemnification from Snyder's-Lance.

21. Snyder's-Lance has refused to honor its contractual obligations pursuant to the Agreements, including but not limited to, its obligations to defend and indemnify Publix against the Litigation.

22. Pursuant to Snyder's-Lance's obligations to procure additional insured coverage for Publix under the Agreements, Snyder's-Lance provided Publix with a Certificate of Insurance. A copy of the Certificate of Insurance is attached hereto as **Exhibit "D."**

23. The Certificate of Insurance identified Hartford and Continental as Snyder's-Lance's primary and umbrella liability insurers, respectively.

24. The Certificate of Insurance stated that Publix is included as an additional insured to the extent required by written contract, subject to policy terms and conditions.

25. Publix demanded additional insured defense and indemnity coverage from Hartford and Continental but neither insurer has provided coverage to Publix.

26. All conditions precedent, if any, to bringing the causes of action set forth herein have occurred, have been performed, have been waived, or have otherwise been excused or legally satisfied by Publix.

## COUNT I – BREACH OF CONTRACT
### (Duty to Defend)
### Against Snyder's-Lance

27. Publix hereby reaffirms and realleges paragraphs 1-26 above as though fully set forth herein.

28. The Agreements are binding contracts between Publix and Snyder's-Lance.

29. The Agreements require Snyder's-Lance to defend Publix from the Lawsuit, because such lawsuit arose out of Snyder's-Lance's provision of products and services to Publix.

30. By "vouching in" Snyder's-Lance, Publix gave Snyder's-Lance notice and the opportunity to defend the claims against Publix in the Litigation.

31. Snyder's-Lance has refused to defend Publix against the Litigation despite being given repeated opportunities to defend Publix.

32. As a result of Snyder's-Lance's refusal to defend Publix, Publix has suffered damages and has had to retain and pay reasonable attorney's fees and costs to defend the Cooks Litigation.

33. Publix also has had to retain the undersigned counsel and pay reasonable attorney's fees to bring this action against Snyder's-Lance, which Publix is entitled to recover under the Agreements.

WHEREFORE, Publix moves for judgment against Snyder's-Lance for any and all damages incurred by Publix resulting from Snyder's-Lance's failure to defend Publix in the Litigation as required under the Agreements, and for any other damages, attorney's fees, interest, costs, and such further relief as this Court deems just and proper.

### COUNT II – BREACH OF CONTRACT
**(Duty to Indemnify)**
**Against Snyder's-Lance**

34. Publix hereby reaffirms and realleges paragraphs 1-26 above as though fully set forth herein.

35. The Agreements are binding contracts between Publix and Snyder's-Lance.

36. The Agreements require Snyder's-Lance to indemnify Publix for any damages paid as part of a settlement or judgment in the Litigation.

37. Despite being provided notice of the Litigation and requests that Snyder's-Lance participate therein, Snyder's-Lance has refused to indemnify or hold Publix harmless for the Litigation.

38. Snyder's-Lance's refusal to defend Publix after being vouched in means Snyder's-Lance is bound by any judgment entered against Publix in the Litigation, so long as the judgment is not based on Publix's sole negligence.

39. Snyder's-Lance's refusal to defend Publix after being vouched in means Snyder's-Lance is bound by any settlement entered into by Publix in the Litigation, so long as the settlement

is reached without fraud or collusion and there was a reasonable possibility Publix would not have been found solely negligent in the Litigation.

40. Should Publix settle the Litigation or have judgment entered against it following a trial in the Litigation currently set for September 2024, Snyder's-Lance has indicated it will not indemnify or hold Publix harmless for such settlement or judgment.

41. Thus, Snyder's-Lance has breached or, alternatively, anticipatorily breached the Agreements by refusing to indemnify and hold Publix harmless from the Litigation.

42. As a result, Publix has suffered damages and has had to retain and pay reasonable attorney's fees to defend the Litigation. Publix will be further harmed to the extent it is required to pay funds to Cooks as part of a settlement or judgment entered against Publix in the Litigation.

43. Publix has had to retain the undersigned counsel and pay reasonable attorney's fees to bring this action against Snyder's-Lance, which Publix is entitled to recover under the Agreements.

WHEREFORE, Publix moves for judgment against Snyder's-Lance for indemnification of any and all damages incurred by Publix resulting from the Litigation, and for any other damages, attorney's fees, interest, costs, and such further relief as this Court deems just and proper.

### COUNT III – BREACH OF CONTRACT
**(Duty to Procure Insurance)**
**Against Snyder's-Lance**

44. Publix hereby reaffirms and realleges paragraphs 1-26 above as though fully set forth herein.

45. The Agreements are binding contracts between Publix and Snyder's-Lance.

46. The Agreements require Snyder's-Lance to procure commercial general liability insurance coverage for any liability resulting from Snyder's-Lance's provision of goods and

services under the Agreements, and to name Publix as an additional insured under said policy or policies.

47. Snyder's-Lance provided Publix with a Certificate of Insurance purportedly demonstrating that Snyder's-Lance procured additional insured coverage for Publix under policies Snyder's-Lance purchased from Hartford and Continental. However, neither Hartford nor Continental has provided additional insured coverage to Publix.

48. Therefore, Snyder's-Lance has breached its contractual obligation to procure additional insured coverage to Publix for claims arising out of its products or services provided to Publix.

49. Had Snyder's-Lance properly procured additional insured coverage for Publix pursuant to the Agreements, Publix would have been entitled to defense and indemnification coverage from Snyder's-Lance's insurance companies.

50. As a result of Snyder's-Lance's breach of contract for failure to procure additional insured coverage, Snyder's-Lance must now step into the shoes of an insurer and provide from its own funds the coverage it promised to provide to Publix. *See, e.g., Capitol Envtl. Servs., Inc. v. Earth Tech, Inc.*, 25 So.3d 593, 596 (Fla. 1st DCA 2009).

51. In addition to any liability to be incurred in the Litigation, Publix has suffered damages and has had to retain and pay reasonable attorney's fees to defend the Litigation. Those attorney's fees and costs would not have been incurred had Snyder's-Lance obtained the appropriate commercial general liability coverage required under the Agreements, which would have included a duty to defend Publix as an additional insured.

52. Publix has had to retain the undersigned counsel and pay reasonable attorney's fees to bring this action against Snyder's-Lance, which Publix is entitled to recover under the Agreements.

WHEREFORE, Publix moves for judgment against Snyder's-Lance for indemnification of any and all damages incurred by Publix resulting from the Litigation, and for any other damages, attorney's fees, interest, costs, and such further relief as this Court deems just and proper.

### COUNT IV – BREACH OF CONTRACT
### (To Provide Additional Insured Coverage)
### Against Hartford

53. Publix realleges the allegations contained in paragraphs 1-26 above as though fully set forth herein.

54. As an alternative to Publix's claim against Snyder's-Lance for failure to procure additional insured coverage, if Snyder's-Lance did procure additional insured coverage for Publix from Hartford, yet Hartford has nonetheless refused to defend or indemnify Publix against the Litigation, then Hartford has breached its contractual obligations to Publix.

55. Publix suffered damages as a result of Hartford's breach of contract.

56. All conditions precedent to the filing of this action have occurred or been waived by Hartford.

57. As a direct result of Hartford's breach of its obligation to defend and indemnify Publix, Publix has retained the undersigned counsel to represent it in this action, and is entitled to attorney's fees and costs pursuant to Fla. Stat. § 627.428.

WHEREFORE, Publix moves for judgment against Hartford for damages, costs, interest, attorney's fees, Fla. Stat § 627.428 fees, and such other and further relief as this Court deems just and proper against Hartford.

## COUNT V – BREACH OF CONTRACT
### (To Provide Additional Insured Coverage)
### Against Continental

58. Publix realleges the allegations contained in paragraphs 1-26 above as though fully set forth herein.

59. As an alternative to Publix's claim against Snyder's-Lance for failure to procure additional insured coverage, if Snyder's-Lance did procure additional insured coverage for Publix from Continental, yet Continental has nonetheless refused to defend or indemnify Publix against the Litigation, then Continental has breached its contractual obligations to Publix.

60. Publix suffered damages as a result of Continental's breach of contract.

61. All conditions precedent to the filing of this action have occurred or been waived by Continental.

62. As a direct result of Continental's breach of its obligation to defend and indemnify Publix, Publix has retained the undersigned counsel to represent it in this action, and is entitled to attorney's fees and costs pursuant to Fla. Stat. § 627.428.

WHEREFORE, Publix moves for judgment against Continental for damages, costs, interest, attorney's fees, Fla. Stat § 627.428 fees, and such other and further relief as this Court deems just and proper against Continental.

## JURY TRIAL DEMANDED

Plaintiff respectfully requests a trial by jury on all claims, as well as on each defense which may be raised by Defendants, which are triable to a jury.

Respectfully submitted this ___ day of August, 2024.

| **GUNSTER, YOAKLEY & STEWART, P.A.** | **FRIEDMAN P.A** |
|---|---|
| By: /s/ *Derek K. Mountford* | Robert H. Friedman, Esq. |
| Derek K. Mountford, Esq. | Florida Bar No. 25994 |
| Florida Bar No.: 127172 | 340 Royal Poinciana Way |
| Joseph W. Jacquot, Esq. | Suite 317-202 |
| Florida Bar No.: 189715 | Palm Beach, FL  33480-4048 |
| 1 Independent Drive, Suite 2300 | Telephone: (561) 800-2110 |
| Jacksonville, Florida 32202 | Facsimile: (561) 246-3413 |
| (904) 354-1980 | Primary:   rob@friedmanpa.com |
| (904) 354-2170 (fax) |                    ruth@friedmanpa.com |
| Primary:   dmountford@gunster.com | |
|                  jjacquot@gunster.com | |
| Secondary: dculmer@gunster.com | |
|                  wpruim@gunster.com | |

Alyssa F. Chamberlin, Esq.
Florida Bar No.: 1049190
Brickell World Plaza, Suite 3500
Miami, FL 33131
(305) 376-6081
Primary: achamberlin@gunster.com
Secondary: jandersondavis@gunster.com

***Counsel for Publix Super Markets, Inc.***